IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HomePromise Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 24-cv-2265 |
| | ) |
| Promise Home Loans, Inc. | ) |
| | ) |
| and | ) |
| | ) |
| Johns Does 1-10 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff HomePromise Corporation (hereinafter "HPC" or "Plaintiff"), by and through undersigned counsel, and, for its Complaint against Defendant Promise Home Loans (hereinafter "PHL" or "Defendant"), and in support of same, respectfully states as follows:

### INTRODUCTION

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and for other related causes of action under California statutory and common law.

2. This action arises from Defendant's infringement of HPC's valuable HPC trademark (U.S. Registration Nos. 2803411, 3222359, 3222358, and 5787783), which HPC uses in connection with its business in the Housing Industry. Ex. 1 – USPTO Registrations 2803411, 3222358, 3222359, and 5787783.

3. On or about September 2023, Plaintiff was apprised that Defendant Promise Home Loans is using a substantially similar service name to that of "HPC" with words "Promise" and "Home," simply transposed, for its similar business services in the housing industry. After further investigation, it transpired that the said infringement has been continuous since 2022, when the Defendant Company started its business functions.

4. Soon after learning of Defendant's use, HPC promptly contacted Defendant through its letter dated September 18, 2023, and advised Defendant of its trademark rights and its concern that Defendant's use of an identical worded service name for its services in the same Housing Industry is likely to cause confusion among consumers. Ex. 2 – Sept. 18, 2023, Letter.

5. HPC requested the Defendant to stop using the Promise Home Loans mark and transition to a new name due to the likelihood of confusion and deception.

6. However, Defendant refused to abide by the terms of the cease-and-desist letter in their response dated March 5, 2024. Ex. 3 – March 5, 2024, Letter.

7. Thereafter, HPC has repeatedly attempted to meet and confer with Defendant to resolve the dispute amicably; however, all such efforts have gone in vain.

8. Given the relatedness of the parties' services and the near identity of the respective trademarks, Defendant's use of Promise Homes Loans (transposed identical words used in conjunction with each other) is likely to cause confusion as to whether Defendant's services incorporate, originates or is related to HPC's business, or is otherwise connected to, sponsored, or approved by HPC.

9. HPC brings this action to stop Defendant's unauthorized and infringing use of a trademark that is confusingly similar to HPC's marks and to obtain an award of profits, actual damages, and other relief.

## PARTIES

10. Plaintiff HPC is a Virginia Corporation with offices located at 10306 Eaton Place, Suite 300, Fairfax, Virginia 22030, and which conducts business in California. HPC provides residential home lending services.

11. Defendant PHL is a Company registered under the laws of California that offers residential home lending services. Its registered agent is located at 120 Vantis, Suite 300, Aliso Viejo, California, 92656.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal question claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over these state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367(a), in that the claims are so related to the above federal claims that they form part of the same case or controversy.

13. This Court has personal jurisdiction over the Defendant in that the acts complained of herein occurred in the Commonwealth of Virginia, a state in which Defendant regularly conducts business.

14. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c). The Defendant conducts business in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## STATEMENT OF FACTS

*HPC'S Business and Marks*

15. HPC is a recognized leader in the Housing Industry, providing services to individuals and families in procuring house loans, mortgage procurements, mortgage banking,

brokerage services, and lending. HPC is a well-established service-based business that has been engaged in services that include but is not limited to, assisting individuals and families in mortgage procurement, mortgage banking, brokering services, and home lending since 2002.

16. HPC has invested substantial financial resources and efforts over the past two decades to establish and build the goodwill associated with its service name in the industry.

17. Since its beginning, HPC has extended home loans amounting to hundreds of millions of dollars and has established a loyal clientele and a trustworthy reputation in the residential lending industry.

18. HPC expends hundreds of thousands of dollars annually to advertise and promote its mark and its services, and, as a result, the HPC mark has attracted thousands of applicants and customers to HPC.

19. Further, HPC's business has attracted substantial unsolicited publicity due to its work, which has further bolstered the considerable goodwill and visibility of the HPC mark.

20. Consequently, consumers have come to associate the HPC mark with HPC services in the Housing Finance Industry.

21. HPC owns several registrations in the U.S. for its HPC mark, including the following U.S. Registrations Nos. 2803411, 3222359, 3222358, and 5787783), (collectively, "HPC Marks"), which are currently being infringed by the Defendant. Ex. 1.

*PHL Business and Marks*

22. Defendant runs a service-based business that assists individuals and families in procuring home finance, similar to Plaintiff.

23. Since its founding in 2022, PHL has been actively using the infringing "Promise Home Loans" service mark to identify itself for its business services.

24. In doing so, Promise Home Loans has been prominently featuring the infringing mark across the World Wide Web (www) and its representations to its customers through various modes of communication.[1]

**COUNT 1:**
**TRADEMARK INFRINGEMENT**
*(Pursuant to 15 U.S.C. § 1114)*

25. All preceding paragraphs are incorporated by reference herein.

26. "Any person who shall, without the consent of the registrant[] use in commerce any reproduction, counterfeit, copy, or colorable imitation of the registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . ." 15 U.S.C. §1114(1)(a).

27. "To establish a claim for trademark infringement, Plaintiffs must prove that (1) they own a valid mark, (2) Defendants have used the mark or an imitation of it, in commerce and in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods without Plaintiffs' authorization and (3) Defendants' use of the mark is likely to confuse consumers." *Am. Farm Bureau Fed'n v. Va. Farm Bureau Mut.*, 2024 U.S. Dist. LEXIS 146943, *12-13 (E.D. Va. 2024) (citing *Rosetta Stone Ltd. V. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012).

28. HPC owns and has rights to use its federally registered HPC mark in connection with "Financial services in the field of money lending offered via electronic communications networks, financial services namely mortgage procurement for others, mortgage banking,

---

[1] For instance, its homepage located at the URL: https://promisehomeloans.com .

brokerage and lending offered via electronic communications network, in class 36 (U.S CLS 100, 101 and 102)".[2]

29. Due to HPC's longstanding, widespread, and continuous use of the HPC marks in interstate commerce, its marks enjoy considerable goodwill associated with HPC.

30. HPC's rights in its HPC Marks long predate Defendant's first use of the Promise Home Loans mark in 2022.

31. In fact, Defendant has acted with knowledge of HPC's HPC Marks. One of the HPC Marks (2803411) has been registered since 2004, two others (3222358; and 3222359;) since 2007, and one other (5787783) since 2019. Even a cursory search of the USPTO database would have revealed those registrations. Ex. 1.

32. Defendant's Promise Home Loans mark is identical or substantially similar to Plaintiff's HPC marks in sight, sound, and spelling. Put simply, Defendants have merely transposed the dominant words of "Home" and Promise" in Plaintiff's mark and are using this mark in overlapping classes of trade for overlapping classes of customers.

33. On information and belief, Defendant uses the Promise Homes Loans mark in connection with the same housing industry in rendering home finance/mortgage-related services. Thus, Defendant's services are both closely related and complementary to the services offered by HPC under the HPC Marks.

34. Defendant's use of Promise Homes Loans is likely to cause confusion as to the source, sponsorship, or approval of Defendant's services because consumers may be led to

---

[2] U.S. PATENT & TRADEMARK OFFICE, *Acceptable Identification of Goods and Services Manual*, https://www.uspto.gov/trademarks/guides-and-manuals/trademark-identification-goods-and-services-manual-suggestions (last accessed November 19, 2024).

believe that both Plaintiff and Defendant share common ownership or associations, or the services can be used interchangeably.

35. Consumers may wrongly believe that Defendant's services relate to HPC, including, but not limited to, consumers being led to believe that Defendant's services somehow incorporate HPC's terms of services, guarantees, and warranties.

36. Alternatively, given Defendant's ability to offer the services to the market, consumers could mistakenly believe that HPC is selling its services through Promise Home Loan's intellectual property.

37. The said confusion is likely because the same words are being used in conjunction with each other, simply transposed, in the same class of trade for the same class of customers.

38. A cursory online search using several search engines displays results close together including both HPC and Promise Home Loans, which is likely to mislead consumers.

39. Defendant chose to use Promise Home Loans with constructive and/or actual knowledge of HPC's prior use of and rights in the HPC Marks.

40. Defendant's use of the confusingly similar Promise Home Loans mark deprives HPC of the ability to control consumer perception of the quality of the services marketed under the HPC Marks, and, instead, places HPC's valuable reputation and goodwill into the hands of Defendant, over whom HPC has no control.

41. The aforementioned acts of Defendant constitute federal trademark infringement in violation of 15 U.S.C. § 1114. The intentional nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

42. HPC has been and will be irreparably harmed by Defendant's aforementioned acts of infringement, and, unless enjoined by the Court, Defendant will continue to infringe upon the HPC Marks.

43. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

44. WHEREFORE, and for the foregoing reasons, Plaintiff respectfully requests that the Court find in favor of the Plaintiff and order the following remedies: (1) a permanent injunction enjoining the Defendant from using the "Promise Home Loans" mark or any other mark that is confusingly similar to the Plaintiff's HPC Marks; (2) an award of damages to the Plaintiff, including any profits made by the Defendant from the use of the willful nature of the infringement; (3) an order requiring the Defendant to deliver up for destruction all materials bearing the infringing mark; (4) and award of attorney's fees and costs incurred by the Plaintiff in this action, as this case is deemed exceptional under 15 U.S.C. § 1117(a); and (5) any further relief the Court sees fit to award.

## COUNT 2:
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
*(Pursuant to 15 U.S.C. § 1125(a))*

45. All preceding paragraphs are incorporated by reference herein.

46. "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any work, term, name, symbol, or device, or in any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which – [] is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another

person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . ." 15 U.S.C. § 1125(a)(1).

47. "The standard for trademark infringement under 15 U.S.C. § 1114 is 'largely the same' as the test for unfair competition under 15 U.S.C. § 1125." *See Glob. Inheritance, Inc. v. Glob. Inheritance, Inc.*, 2022 U.S. Dist. LEXIS 229589, *3 (E.D. Va. 2022).

48. Defendant's use of the Promise Home Loans mark falsely suggests that its services is connected with, sponsored by, affiliated with, related to, and/or approved by HPC and its services marketed under the HPC Marks.

49. Defendant has acted with knowledge of HPC's HPC Marks. One of the HPC Marks (2,803,411) has been registered since 2004, two others (3222358; and 3222359;) since 2007 and one other (5787783) since 2019. Even a cursory search of the USPTO database would have revealed those registrations. Ex. 1.

50. The Defendant's unauthorized use of a confusingly similar trademark constitutes unfair competition and a false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. HPC has been and will continue to be irreparably harmed by Defendant's aforementioned acts of unfair competition and false designation of origin, and, unless enjoined by the Court, Defendant will continue to infringe HPC's rights.

52. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

53. WHEREFORE, and for the foregoing reasons, Plaintiff respectfully requests that the Court find in favor of the Plaintiff and order the following remedies: (1) a permanent injunction enjoining Defendant from using the "Promise Home Loans" mark or any other mark

that is confusingly similar to the Plaintiff's HPC Marks; (2) an award of damages to the Plaintiff, including any profits made by the Defendant from the use of the infringing mark, actual damages suffered by the Plaintiff, and, if applicable, treble damages due to the willful nature of the infringement; (3) an order requiring the Defendant to deliver up for destruction all materials bearing the infringing mark; (4) an award of attorney's fees and costs incurred by the Plaintiff in this action, as this case is deemed exceptional under 15 U.S.C. § 1117(a); and (5) any further relief the Court deems just and proper.

### COUNT 3:
### COMMON LAW TRADEMARK INFRINGEMENT

54. All preceding paragraphs are incorporated herein by reference.

55. "Liability for trademark infringement and unfair competition exists under California law when an appreciable number of reasonable buyers are likely to be confused by the similarity of the plaintiff's and defendant's marks." *Mallard Creek Indus. V. Morgan*, 56 Cal. App. 4th 426, 434-35 (1997) (citing *Weinstock, Lubin & Co. v. Marks*, 109 Cal. 529, 537 (1895)).

56. "Thus, courts have held the federal 'likelihood of confusion' standard applies equally to claims under California law . . . . [and] the ultimate test under both federal and California law is whether the similarity between the two marks is likely to deceive or confuse the public." *Id.* (citing *Academy of Motion Picture Arts v. Creative House*, 944 F.2d 1446, 1457 (9th Cir. 1991)).

57. By its acts alleged herein, Defendant has engaged in trademark infringement under State of California common law.

58. The general consuming public of California recognizes the HPC marks as designating HPC as the source of services emanating from HPC Corporation. HPC has common

law trademark rights in the HPC Marks under California law on account of its continuous and uninterrupted usage of the said marks.

59. Defendant's use of Promise Homes Loans is likely to cause confusion as to the source, sponsorship, or approval of Defendant's services. Consumers may be led to believe that both Plaintiff and Defendant share common ownership or associations, or the services can be used interchangeably.

60. Consumers may wrongly believe that Defendant's services are connected with HPC, including, but not limited to, consumers being led to believe that Defendant's services somehow incorporate HPC's terms of services, guarantees, and warranties.

61. Alternatively, consumers may be led to believe that HPC is selling services of PHL or infringing on PHL's intellectual property.

62. Defendant's wrongful activities in California have caused HPC irreparable injury. This injury includes but is not limited to a reduction in the distinctiveness of the HPC's Marks and injury to HPC's reputation and profits that cannot be remedied through damages alone, and HPC has no adequate remedy at law.

63. HPC is informed and believes that unless this Court enjoins the said conduct, Defendant will continue and expand those activities to the continued and irreparable injury of HPC.

64. HPC is entitled to a permanent injunction restraining and enjoining Defendant and its agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce a mark that is identical or substantially similar to HPC or combination of the words "Home" and "Promise" or any colorable imitation thereof (including Promise Home Loans) in the same class of trade and/or for the same class of consumers.

65. WHEREFORE, and for the forgoing reasons, Plaintiff respectfully requests that the Court find in favor of Plaintiff and order the following remedies: (1) a permanent injunction enjoining the Defendant from using the "Promise Home Loans" mark or any other mark that is confusingly similar to the Plaintiff's HPC Marks; (2) an award of damages to the Plaintiff, including any profits made by the Defendant from the use of the infringing mark, actual damages suffered by the Plaintiff, and, if applicable, treble damages due to the willful nature of the infringement; (3) an order requiring the Defendant to deliver up for destruction all materials bearing the infringing mark; (4) an award of attorney's fees and costs incurred by the Plaintiff in this action, as this case is deemed exceptional under 15 U.S.C. § 1117(a); and (5) any further relief the Court deems just and proper.

### COUNT 4:
### UNFAIR COMPETITION
*(Pursuant to Virginia Common Law)*

66. All preceding paragraphs are incorporated herein by reference.

67. "[T]rademark infringement and unfair competition claims under Virginia common law applies the same test." *LBLA Beauty, LLC v. 11177753 Canada Corp.*, 2024 U.S. Dist. LEXIS 24595, *9-10 (E.D. Va. 2024) (citing *U.S. Search, LLC v. U.S. Search.com, Inc.*, 300 F.3d 517, 522-23 (4th Cir. 2002)).

68. "To allege [unfair competition] successfully, a plaintiff must establish: '(1) that it possesses the mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred "in commerce"; (4) that the defendant used the mark in connection with "the sale, distribution, or advertising" of goods or services, and (5) that the defendant used the mark in a manner likely to confuse consumers.'" *Id.* (quoting 15 U.S.C. §§ 1114, 1125(a); *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2009)).

69. Defendant's acts are unlawful and/or unfair because Defendant's use of the "Promise Home Loans" mark is likely to confuse consumers as to the source, origin, or affiliation of Defendant's service, to misrepresent the nature, characteristics and qualities of Defendant's services and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Defendant's services somehow incorporates, or has the same terms of use, warranties, guarantees and representations of HPC.

70. Alternatively, and given Defendant's ability to offer the services to the market at large, consumers could mistakenly believe that HPC is selling the services of PHL's intellectual property.

71. Defendant's acts of unfair competition have caused HPC irreparable injury and HPC is informed and believes that unless this Court enjoins said conduct, Defendant will continue and expand those activities to the continued and irreparable injury of HPC.

72. This injury includes a reduction in the distinctiveness of the HPC's Marks and injury to HPC's reputation that cannot be remedied through damages alone, and HPC has no adequate remedies at law.

73. HPC is entitled to a permanent injunction restraining and enjoining Defendant and its agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the HPC Marks or any confusingly similar variation thereof, including but not limited to the use of the Words "Home" and "Promise" in connection with its business in the residential loan industry. This injunction should ensure that those words may not be used no matter how they are transposed.

74. As a direct and proximate result of Defendant's statutory unfair competition, Defendant has been unjustly enriched in an amount to be determined at trial.

75. WHEREFORE, and for the foregoing reasons, Plaintiff respectfully requests that the Court find in favor of Plaintiff and order the following remedies: (1) a permanent injunction enjoining Defendant from using the "Promise Home Loans" mark or any other mark that is confusingly similar to the Plaintiff's HPC Marks; (2) restitution to the Plaintiff for any unjust enrichment gained by the Defendant as a result of the unfair competition, in an amount to be determined at trial; (3) an order requiring the Defendant to deliver up for destruction all materials bearing the infringing mark; and (4) any further relief the Court deems just and proper.

## COUNT 5:
## UNFAIR BUSINESS PRACTICE
(*Pursuant to* CAL. BUS. & PROF. CODE §§ 17200 *et seq.*)

76. The preceding paragraphs are incorporated by reference herein.

77. By the acts alleged herein, Defendant has engaged in unlawful and/or unfair business practices in violation of California Unfair Competition Law by engaging in trademark infringement. CAL. BUS. & PROF. CODE §§ 17200 *et seq.*.

78. Defendant's acts are unlawful and/or unfair because Defendant's use of the "Promise Home Loans" mark is likely to confuse consumers as to the source, origin, or affiliation of Defendant's service, to misrepresent the nature, characteristics and qualities of Defendant's services and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Defendant's services somehow incorporates, or has the same terms of use, warranties, guarantees and representations of HPC.

79. Defendant's acts of unfair competition have caused HPC irreparable injury and HPC is informed and believes that unless this Court enjoins said conduct, Defendant will continue and expand those activities to the continued and irreparable injury of HPC.

80. This injury includes a reduction in the distinctiveness of the HPC's Marks and injury to HPC's reputation that cannot be remedied through damages alone, and HPC has no adequate remedies at law.

81. WHEREFORE, and for the foregoing reasons, Plaintiff respectfully requests that the Court find in favor of Plaintiff and order the following remedies: (1) a permanent injunction enjoining Defendant from using the "Promise Home Loans" mark or any other mark that is confusingly similar to the Plaintiff's HPC Marks; (2) restitution to the Plaintiff for any unjust enrichment gained by the Defendant as a result of the unfair competition, in an amount to be determined at trial; (3) an order requiring the Defendant to deliver up for destruction all materials bearing the infringing mark; and (4) any further relief the Court deems just and proper.

## AD DAMNUM

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an order and judgment which:

a. Enjoins and/or prohibits the Defendant and its officers, agents, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with the Defendant, from using in any manner the HPC marks, or any colorable imitation of those marks by way of any repositioning or otherwise, including, but not limited to, Promise Home Loans, PromiseHome, Promise Home, PromiseHome Loans, or otherwise as a trade name, trademark, service mark, or domain name;

b. Enjoins the Defendant from doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or current or prospective customers of HPC's products and services, with respect to the

source of services offered for sale, distributed, or sold by Defendant, or with regard to there being a connection between Defendant and HPC in any possible manner laid out in this complaint;

c. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon HPC within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and implemented adequate and effective means to discontinue doing business and offering or selling services using the HPC mark, as set forth above in Prayer Clause No.1;

d. Damages in the amount of $600,000.00, pursuant to 15 U.S.C. § 1117, requiring that Defendant accounts for and pay to HPC damages arising from Defendant's violation of the Lanham Act;

e. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction or show proof of said destruction or sufficient modification to eliminate all articles, signage, promotional items, literature, sales aids, packaging, or other materials in the possession, custody, or control of Defendant or its agents or distributors, bearing any mark/ name confusingly similar to the HPC Marks, both alone and in combination with other words or terms;

f. A judgment, pursuant to 15 U.S.C. § 1117, allowing HPC to recover its costs and attorney's fees incurred in connection with this action;

g. A judgment requiring that the Defendant pay all costs of suit and reasonably incurred attorney fees along with pre-and post-judgment interest; and

  h.  A judgment granting HPC any other relief that the Court deems just and proper.

**Respectfully submitted this 13th day of December, *Anno Domini* 2024.**

_____
Thomas F. Ranieri, Esq.
Va. Bar No. 93150
RANIERI & ASSOCIATES, PLC
33 Cedarside Court
Front Royal, Virginia 22630
Tel: 540-551-2330
Email: ranieri@tra-lawfirm.com
*Counsel for Plaintiff*